IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-36,089-04






EX PARTE ALEX PENA, Applicant


 








ON APPLICATION FOR WRIT OF HABEAS CORPUS

CAUSE NUMBER A90-226-3 IN THE 216TH

DISTRICT COURT KERR COUNTY 



 

 


 Per Curiam.

 


O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant was convicted of felony theft after entering his plea of guilty on October
23, 1990. He was sentenced to prison for twenty years. There was no direct appeal.

 Although difficult to discern from the recorded provided to this Court, it appears that
the following events occurred. Applicant was released to parole and was later arrested for
felony DWI in Atascosa County. Applicant was subsequently placed on probation for the
felony DWI, and his parole was continued with an additional condition of treatment at SAFP.

 Later, while he was still on probation and parole, Applicant was charged with another
felony DWI and resisting arrest in Atascosa County. A blue warrant on the Kerr County
felony theft parole was issued and executed. Also, a motion to revoke probation was filed
on the first felony DWI arising in Atascosa County. Applicant's probation was revoked and
he was sentenced to prison for ten years.

 Applicant remained on parole, though, for the original felony theft charge arising in
Kerr County as the second felony DWI charge and resisting arrest charge arising in Atascosa
County remained pending. The State later moved to dismiss the pending charges in Atascosa
County citing the ten-year sentence resulting from the revocation of Applicant's first felony
DWI probation.

 Applicant states that he finally received a parole revocation hearing concerning the
original Kerr County felony theft charge. This hearing appears to have been held almost two
years after the issuance of the blue warrant, and the parole appears to have been revoked.

 In this application for a writ of habeas corpus, Applicant contends that he was denied
due process at the revocation hearing, including being refused appointed counsel, and that
his parole was improperly revoked. The trial court has not entered findings of fact and
conclusions of law, and it is this Court's opinion that additional information is needed before
this Court can render a decision on these grounds for review. The trial court shall therefore
supplement the record with affidavits or other documents that answer whether Applicant: (a)
received written notice of the claimed violations of parole; (b) received disclosure of
evidence against him; (c) received the opportunity to be heard in person and to present
witnesses and documentary evidence; (d) received the right to confront and cross-examine
adverse witnesses (unless the hearing officer specifically finds good cause for not allowing
confrontation); (e) received a 'neutral and detached' hearing body such as a traditional
parole board, members of which need not be judicial officers or lawyers; and (f) received a
written statement by the fact finder as to the evidence relied on and reasons for revoking
parole. See Morrissey v. Brewer, 408 U.S. 471, 489 (1972). The record to this Court shall
also be supplemented to include any additional documents or material that the trial court
deems pertinent to the resolution of Applicant's claims.

 Because this Court cannot hear evidence, Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum. The trial court shall resolve
these issues as set out in Article 11.07, Section 3(d), of the Texas Code of Criminal
Procedure, in that it shall order affidavits. The trial court may also order depositions,
interrogatories, or hold a hearing. In the appropriate case, the trial court shall rely on its
personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent, and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Article 26.04
of the Texas Code of Criminal Procedure, appoint an attorney to represent him at the hearing. 
 Following the receipt of additional information, the trial court shall determine whether
Applicant was denied due process in his parole revocation hearing and whether his parole
was improperly revoked, and the trial court shall make any further findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
application for habeas corpus relief. Further, because this Court does not hear evidence, Ex
parte Rodriguez, 334 S.W.2d at 294, this application for a post-conviction writ of habeas
corpus will be held in abeyance pending the trial court's compliance with this order. 
Resolution of the issues shall be accomplished by the trial court within 90 days of the date
of this order. (1) A supplemental transcript containing all affidavits and interrogatories or the
transcription of the court reporter's notes from any hearing or deposition along with the trial
court's supplemental findings of fact and conclusions of law, and other documents, shall be
returned to this Court within 120 days of the date of this order. (2)




DELIVERED: December 7, 2005

DO NOT PUBLISH


 
1. [1] In the event any continuances are granted, copies of the order granting the
continuance should be provided to this Court.
2. [2] Any extensions of this time period should be obtained from this Court.